IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENNETH RHEEL, ) | Civil No.: 3:12-CV-01719-JE |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, by and ) | |
| through the UNITED STATES ) | |
| DEPARTMENT OF VETERANS' AFFAIRS; ) | |
| And UNITED STATES DEPARTMENT OF ) | |
| VETERANS' AFFAIRS POLICE; and ) | |
| JOHN DOE #1 and JOHN DOE #2, officers ) | |
| of the United States Department of Veterans' ) | |
| Affairs Police in their individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Abraham J. Barnett
The Barnett Firm, LLC
10200 SW Greenburg Road, Suite 340
Portland, OR 97223

Attorney for Plaintiff

S. Amanda Marshall, U.S. Attorney
Kevin C. Danielson, Asst. U.S. Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Attorneys for Defendants

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Kenneth Rheel brings this action against Defendants United States of America ("USA"), United States Department of Veterans'' Affairs ("USDVA"), United States Department of Veterans' Affairs Police ("Police") and two unidentified officers of the USDVA Police ("Officers") named in their official and individual capacities. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion should be granted

## Factual Background

Plaintiff alleges the following facts, which are assumed by the court to be true for purposes of this motion.

Plaintiff is a disabled veteran. On September 30, 2008, Plaintiff was approached by Defendant Officers when he entered the USDVA offices in Vancouver, Washington. Defendant Officers asked Plaintiff if he was armed. They conducted a "pat-down" search of Plaintiff that yielded no weapons. Defendant Officers interviewed Plaintiff, and his "responses and compliant behavior indicated that he did not present a threat to himself or others." Defendant Officers then handcuffed Plaintiff and placed him in the back seat of their vehicle. Plaintiff was left handcuffed in the back of the Defendant Officers' vehicle for several hours while the Defendant Officers "continued their duties." Defendant Officers then released Plaintiff without explanation.

At no time did the Defendant Officers inform Plaintiff that he was under arrest, inform him of his rights or inform him of the reason for his detention.

Plaintiff filed this action on September 24, 2012.

FINDINGS AND RECOMMENDATION – 2

**Claims**

Plaintiff brings four claims.  Plaintiff's First Claim, brought pursuant to 42 U.S.C. § 1983, alleges that the Defendant Officers violated his Fourth Amendment rights when they unlawfully seized and detained him without probable cause.  Plaintiff also alleges that the Officers' conduct constituted summary punishment without due process of law in violation of the Fourth Amendment.  Plaintiff seeks damages from the Defendant Officers in their individual capacities and from Defendants USA, USDVA and Police.

Plaintiff's Second Claim alleges that Defendant USA violated his Fourth Amendment rights by failing to adequately train, supervise and discipline its police officers.  Plaintiff seeks damages in the amount of $30,000 as well as costs and fees.

Plaintiff's Third Claim alleges that the Defendant Officers, acting under color of law and within the scope of their employment, falsely arrested him.  Plaintiff alleges that he timely served Tort Claim Notices on Defendants and that he is entitled to recover damages from Defendants in the amount of $30,000.

Plaintiff's Fourth Claim alleges that the Defendant Officers falsely imprisoned him.  Plaintiff alleges that he timely served Tort Claim Notices on Defendants and that he is entitled to recover damages from Defendants in the amount of $30,000.

**Standards for Evaluating Motions to Dismiss Pursuant to Rule 12(b)(1)**

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." Colwell v. Department of Health and Human Services, 558 F.3d 1112, 1121 (9th Cir. 2009)( quoting Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002), cert. denied, 537 U.S. 973

FINDINGS AND RECOMMENDATION – 3

(2002)). The party asserting a claim bears the burden of establishing that it has standing and that the matter is ripe for adjudication. Id. (citing Renne v. Geary, 501 U.S. 312, 316 (1991)).

A moving party may base a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the allegations of the complaint, or may bring a factually based motion "by presenting affidavits or other evidence properly brought before the court...." Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). If the motion to dismiss for lack of jurisdiction is factually based, the court may look beyond the allegations of the complaint. Id. ( citing White v. Lee, 227 F.3d, 1214, 1242 (9th Cir. 2000)). If the moving party supports a motion to dismiss for lack of jurisdiction with evidence, the nonmoving party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. The court's consideration of extrinsic evidence presented in support of and opposition to a motion to dismiss for lack of subject matter jurisdiction does not convert the motion to a motion for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989). If necessary, a court presented with a factually based motion to dismiss on jurisdictional grounds may resolve factual disputes. See Berardinelli v. Castle & Cooke, Inc., 587 F.2d 37, 39 (9th Cir. 1978).

### Standards for Evaluating Motions To Dismiss Pursuant to Rule 12(b)(6)

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted.

Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (9th Cir. 1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### Discussion

I. **Motion to Dismiss Claim One Pursuant to Fed. R. Civ. P. 12(b)(6)**

As noted above, Plaintiff brings a claim against the Defendant Officers under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights. Defendants contend that Claim One should be dismissed for failure to state a claim because the Defendant Officers are immune from suit under 42 U.S.C. § 1983.

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal statutes. 42 U.S.C. § 1983; Wilder v. Virginia Hosp. Ass'n., 496 U.S. 498 (1990). To state a § 1983 claim, a plaintiff must allege conduct that violated his constitutional rights was taken "under color of state law." Lopez v. Dept. of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (per curiam). Unless the state or its agents significantly participated in the challenged activity, "federal officers acting under federal authority are immune from suit under section 1983." Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir. 1986). Here, Plaintiff has not alleged any participation by the state or its agents. Claim One against the Defendant Officers, therefore, necessarily fails.

Plaintiff argues that the court should construe his Complaint as alleging a Bivens action or should allow him to amend his Complaint to so allege. Defendants argue that the statute of limitations for a Bivens action has expired and any amendment would be futile.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court created a cause of action for money damages against federal

officers in their individual capacities who, acting under color of federal authority, violate an individual's Fourth Amendment rights. The parties agree that a Bivens claim accrues when the "plaintiff knows or has reason to know of the injury." Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). Although federal law determines when a Bivens action accrues, it is the forum state's statute of limitations for personal injury which governs the length of the limitations period. Van Strum v. Lawn, 940 F. 2d 406, 410 (9th Cir. 1991). Under Oregon law, an action for personal injury must be commenced within two years. Or.Rev.Stat. § 12.110(1).

Plaintiff alleges that he was unlawfully seized and detained without probable cause on September 30, 2008. Plaintiff, therefore, had until no later than September 30, 2010 to file a Bivens action. As noted above, Plaintiff filed his Complaint on September 24, 2012. Plaintiff argues that he was "unaware that his detention constituted an arrest" until September of 2010 and thus his claim did not accrue until that date. Plaintiff also argues that his claim should be tolled for the period of time during which he was awaiting a response to his February 2012 request for information under the Freedom of Information Act ("FOIA").

Plaintiff's arguments are not well taken. Claims for false arrest accrue on the date of the alleged wrongful arrest. See Davis v. Harvey, 789 F. 2d 1332, 1333 n. 1 (9th Cir. 1986); see also Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (false arrest or illegal search and seizure discrete and complete upon occurrence and reasonably deemed to have accrued when the wrongful act occurs). Plaintiff's Complaint alleges wrongful acts by the Defendant Officers that occurred on, and only on, September 30, 2008. Plaintiff's claim, therefore, accrued on this date.

Furthermore, equitable tolling applies to extend the period for filing an action when a plaintiff, despite due diligence, is unable to obtain "vital information bearing on the existence of

his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) overruled on other grounds, Socop–Gonzalez v. INS, 272 F.3d 1176 (9th Cir. 2001).  Nothing in the record before this court supports the conclusion that application of this doctrine is warranted here.

For the reasons discussed above, Claim One fails and amendment of Plaintiff's Complaint to add a Bivens action would be futile because the two year statute of limitations for such a claim has expired.  Accordingly, Claim One should be dismissed.

II. **Motion to Dismiss Claim Two Pursuant to Fed. R. Civ. P. 12(b)(1)**

Pursuant to Fed.R.Civ.P. 12(b)(1), Defendants move to dismiss Claim Two for lack of subject matter jurisdiction.  Defendants correctly note that federal courts may assert jurisdiction over constitutional claims for damages brought against the United States, its agencies and its employees in their official capacities only if the United States has waived sovereign immunity and consented to suit. E.g., Balser v. Department of Justice, 327 F.3d 903, 907 (9th Cir.2003), cert. denied, 541 U.S. 1041 (2004); Pereira v. U.S. Postal Service, 964 F.2d 873, 876-77 (9th Cir. 1992). Plaintiff has presented no evidence of waiver or consent and no argument disputing this motion.  Accordingly, Claim Two should be dismissed.

III. **Motion to Dismiss Claims Three and Four pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)**

Pursuant to Fed.R.Civ.P. 12(b)(1), Defendants move to dismiss Claims Three and Four against Defendant Officers in their official capacities for lack of subject matter jurisdiction.  As discussed above, the absence of a waiver of sovereign immunity by the United States bars suit against United States employees in their official capacities.  See Balser, 327 F.3d at 907; Pereira, 64 F.2d at 876-77.  Therefore, for the same reasons Claim Two fails, Claims Three and Four should be dismissed as to the Defendant Officers named in their official capacities.

FINDINGS AND RECOMMENDATION – 7

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants also move to dismiss Claims Three and Four as to the Defendant Officers in their individual capacities on the basis that these claims are barred by the applicable two-year statute of limitations.

Under Oregon law, the statute of limitations for false arrest and false imprisonment claims is two years. ORS § 12.110(1); Brackhahn v. Nordling, 269 Or. 667, 669 (1974). Accordingly, for the same reasons discussed above as to Claim One, Claims Three and Four against the Defendant Officers in their individual capacities should be dismissed because Plaintiff failed to bring his claims within the period of limitations.

Defendants also assert that if Claims Three and Four are construed as tort claims against the United States under the Federal Tort Claims Act (FTCA), the claims are barred by the Act's statute of limitations.

The FTCA provides a limited waiver of sovereign immunity which allows suits for recovery of money damages from the United States for torts committed by its employees. See 28 U.S.C. § 2671–80. However, the Act requires a plaintiff seeking damages based upon a tort allegedly committed by an employee of the United States to present a claim to the federal agency employing the alleged tortfeasor and to wait until the agency has denied or failed to act on the claim within six months of the submission before bringing an action in federal court. 28 U.S.C. § 2675(a).   In addition, the FTCA provides that

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)

FINDINGS AND RECOMMENDATION – 8

The record reflects that Plaintiff's tort claim was administratively denied on February 23, 2012 and that Plaintiff filed his Complaint on September 24, 2012, after the six-month deadline. Under these circumstances, Claims Three and Four should be dismissed as to the United States.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (#8) should be GRANTED and a judgment should be entered dismissing the action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 25, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 7th day of March, 2013.

       /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 9