IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KENNETH RHEEL**, | Case No. 3:12-cv-01719-JE |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATION** |
| **UNITED STATES OF AMERICA,** *et al.*, | |
| Defendants. | |

Abraham J. Barnett & Jeremy S. Craft, The Barnett Firm, LLC, 10200 SW Greenburg Road, Suite 340, Portland, OR 97223. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Kevin Danielson, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97204-2902. Attorneys for Defendants.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued findings and recommendations in this case on March 7, 2013. Dkt. 20. Judge Jelderks recommended that Defendants' Motion to Dismiss (Dkt. 8) be granted with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo a magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed objections to Judge Jelderks' Findings and Recommendation (Dkt. 22, 25), to which Defendants responded (Dkt. 23, 26). Judge Jelderks recommended that the Court dismiss Plaintiff's complaint because the United State has sovereign immunity and because the Plaintiff's complaint is untimely. In relevant part, Judge Jelderks recommended that

PAGE 2 – OPINION AND ORDER

the Court reject Plaintiff's argument that Defendants' delay in responding to a Freedom of Information request equitably tolled the statute of limitations. Dkt. 20, at 6-7. Plaintiff does not object to Judge Jelderks' application of equitable tolling; rather, Plaintiff, for the first time, argues that his mental disability should toll the relevant statute of limitations.[1]

Plaintiff argues[2] that because he is mentally disabled, he did not understand that Defendants John Doe #1 and John Doe #2 (collectively "Defendant Officers") allegedly acted tortiously in detaining him on September 30, 2008. Am. Compl. ¶¶ 2, 11-22. Plaintiff further argues that in September 2010 he became aware of his claim for relief—his disability ceased—when he received notice that the charges arising out of the 2008 incident had been dismissed. Dkt. 22, at p. 3-4. Accordingly, Plaintiff concludes, the statute of limitations should be tolled during this two-year period, rendering his September 24, 2012 complaint timely.

It is not apparent whether Plaintiff's third and fourth claims allege Fourth Amendment violations brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or allege the torts of false arrest and false imprisonment. *See* Am. Compl. ¶¶ 40-55. The law of the forum state determines the statute of limitations and tolling provisions applicable to a *Bivens*

---

[1] Although Plaintiff does not specify the claims or defendants that should not be dismissed, Plaintiff's argument can only apply to claims that do not use the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity. *See Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2009) (holding that the FTCA's statute of limitations, 28 U.S.C. § 2401, is jurisdictional, so "equitable estoppel or equitable tolling [cannot] excuse [a] Plaintiff's untimeliness"). The Court thus construes Plaintiff's argument as applying only to his first, third, and fourth claims against Defendants John Doe #1 and John Doe #2 in their individual capacities. *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities.").

[2] Plaintiff's complaint does not include any allegations of mental disability; nevertheless, the Court construes Plaintiff's objection as arguing that the Court should dismiss the case without prejudice and with leave to amend. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

PAGE 3 – OPINION AND ORDER

claim.³ *See Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). In Oregon, a two-year statute of limitations applies to *Bivens* claims. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (holding that a forum's "personal injury statute of limitations" applies to *Bivens* claims); Or. Rev. Stat. § 12.110(1). Thus, whether Plaintiff alleges *Bivens* claims or common law tort claims, his claims are governed by Oregon's two-year statute of limitations and tolling provisions. *See* Or. Rev. Stat. §§ 12.110(1); 12.160.⁴

Even assuming Plaintiff was mentally disabled for purposes of Oregon's tolling statute for minors and persons who are insane, Or. Rev. Stat. § 12.160,⁵ from the date his claims accrued through his receipt of the dismissal notice, tolling cannot preserve Plaintiff's claims. Under that tolling statute, "[t]he time for commencing an action may not be extended under [the insanity subsection, Or. Rev. Stat. § 12.160(3)] . . . for more than five years, *or for more than one year after the person is no longer insane, whichever occurs first*." Or. Rev. Stat. § 12.160(4) (emphasis added). Plaintiff seeks tolling only through September 2010, implicitly conceding that

---

³ Although Plaintiff argues that equitable tolling applies, Plaintiff does not cite and the Court has not seen any Oregon appellate decisions applying the doctrine in the present circumstances. *See, e.g.*, *DeArmond v. Dep't of Revenue*, 14 Or. Tax 112, 117 (1997) *aff'd*, 968 P.2d 1280 (Or. 1998) (declining to apply equitable tolling to tax refund cases). Accordingly, the Court applies the relevant statutory tolling provision. *Cf. Fisher v. Belleque*, 409, 240 P.3d 745, 746-47 (Or. App 2010) (declining to expand the scope of a statute of limitations' "escape clause," in part, because the relief sought was co-extensive with Oregon's disability tolling statute, Or. Rev. Stat. § 12.160, which the legislature did not make applicable to the petitioner's claim).

⁴ Plaintiff's first claim alleges a violation of 42 U.S.C. § 1983, which the Court construes as a *Bivens* claim for the reason discussed by Judge Jelderks. *See* Dkt. 20, at 5.

⁵ The statutory term "insanity" is given a broad meaning by Oregon courts. *See, e.g.*, *Gaspar v. Vill. Missions*, 961 P.2d 286, 290 (Or. App. 1998) (holding insanity tolling requires the "plaintiff's mental condition [to] have been such as to have actually barred [plaintiff] from knowing that [the defendant] had harmed [him or] her"); *Roberts v. Drew*, 804 P.2d 503, 505 (Or. App. 1991). Regardless, for purposes of the pending motion, the Court assumes that Plaintiff's impairments qualify him for application of the tolling statute.

PAGE 4 – OPINION AND ORDER

by this time he was no longer insane or otherwise eligible for the benefits of this tolling statute. *See* Dkts. 22 (at p. 4) and 25 (at p. 4). Plaintiff, however, did not bring his action within one year after he was no longer insane, but instead waited approximately two years before filing his complaint on September 24, 2012. Dkt. 1. Accordingly, Plaintiff's remaining claims against the Defendant Officers are barred by the statute of limitations, even if Plaintiff were to be afforded the benefit of Or. Rev. Stat. § 12.160. *See Boag v. Chief of Police, City of Portland*, 669 F.2d 587, 589 (9th Cir. 1982) ("The period of disability is not 'tacked' to the limitations period. Under the most liberal construction given to 12.160 by the Oregon courts the plaintiff may file suit (1) within the applicable statute of limitations or (2) within one year of the date of termination of disability, whichever is later.") (relying on *Hamm v. McKenny*, 144 P. 435 (Or. 1914); *Northrop v. Marquam*, 18 P. 449 (Or. 1888)).

For those portions of Judge Jelderks' Findings and Recommendation to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

Accordingly, the Court ADOPTS Judge Jelderks' Findings and Recommendations (Dkt. 20), as supplemented herein. For the reasons set forth in Judge Jelderks' Findings and Recommendation, and supplemented above, Defendants' Motion to Dismiss (Dkt. 8) is GRANTED. This case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 29th day of July, 2013.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge